UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br> v.<br><br>**JOSHUA HERION d/b/a ECS ROOFING PROFESSIONALS, INC.**,<br><br>      Defendant. | Case No. 23-CV-5935 |

## COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this Complaint to recover civil penalties and alleges as follows:

### Parties

1. Plaintiff is the Acting Secretary of Labor, United States Department of Labor.

2. Defendant Joshua Herion doing business as ECS Roofing Professionals, Inc. ("Defendant") is an individual operating an Illinois corporation with a place of business at 3920 Hawthorn Court, Waukegan, Lake County, Illinois.

3. Defendant resides at 31439 N Liberty Road, Grayslake, Lake County, Illinois.

### Jurisdiction and Venue

4. This action is brought to recover civil money penalties owed by Defendant to the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") for violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* (the "Act"), and regulations promulgated thereunder.

5. This Court has jurisdiction over the subject matter of this action pursuant to § 17(l) of the Act, 29 U.S.C. § 666(l), which authorizes civil actions to recover OSHA penalties, as well as 28 U.S.C. § 1345 and 28 U.S.C. § 3001 *et seq.*

6. Venue is proper in this district pursuant to § 17(l) of the Act, 29 U.S.C. § 666(l), and 28 U.S.C. §1391(b), because the violations giving rise to this matter occurred, in part, in this district and Defendant's principal office is located here.

**Factual Background**

7. At all relevant times, Defendant has been engaged in activities subject to the jurisdiction of OSHA.

8. In October 2022, OSHA initiated inspections of Defendant's worksites at 2308 W. Higgins Rd. in Hoffman Estates, Illinois ("Hoffman Estates worksite") and 1218 Mohican Trail in Waukesha, Wisconsin ("Waukesha worksite").

9. As a result of those inspections, OSHA issued citations and notifications of penalties for violations of the Act and its implementing regulations, as follows:

   a. Hoffman Estates worksite (Inspection No. 1559071): OSHA found numerous serious, repeat, and willful violations and assessed a total penalty of $226,530. The Citation and Notification of Penalty for the Hoffman Estates worksite is submitted as Exhibit A hereto.

   b. Waukesha worksite (Inspection No. 1560806): OSHA found numerous serious and repeat violations and assessed a total penalty of $134,001. The Citation and Notification of Penalty for the Waukesha worksite is submitted as Exhibit B hereto.

10. Defendant contested the citations and notifications of penalty, triggering adjudication of citations and notifications of penalty before the Occupational Safety and Health Review Commission ("OSHRC"). The matters were consolidated into a single proceeding before an OSHRC administrative law judge ("ALJ").

11. On March 6, 2023, the ALJ issued a *Decision and Order of Default* affirming the citations in their entirety and assessing a total of $360,531 in penalties, composed of $226,530 for the violations at the Hoffman Estates worksite and $134,001 for violations at the Waukesha worksite. The ALJ's Decision and Order of Default is submitted herewith as Exhibit C.

12. The ALJ's decision was docketed with OSHRC on March 28, 2023. OSHRC's Notice of Docketing of the ALJ's Decision is submitted herewith as Exhibit D.

13. Defendant did not seek review of the ALJ's decision, and the decision was not directed for review by the OSHRC.

## Entitlement to Recovery

14. Pursuant to § 10(c) of the Act, 29 U.S.C. § 659(c), and 29 C.F.R. § 2200.90(f), the ALJ's decision affirming OSHA's citations and assessing $360,531 in total penalties became a final order of OSHRC on April 27, 2023.

15. To date, Defendant has failed to pay any of the $360,531 in total penalties, despite having been served with demands for payment of the penalties.

16. Section 17(l) of the Act, 29 U.S.C. § 666(l) allows the Secretary to file actions in federal district court to recover unpaid penalties assessed under the Act. An employer who failed to contest an OSHA citation at the administrative level under § 10 of the Act, 29 U.S.C. § 659, is forever barred from contesting the facts related to the violations, and OSHA's determination to impose a penalty is not subject to review by the district court. 29 U.S.C. §§ 659, 661(j).

17. Moreover, pursuant to 31 U.S.C. § 3717(e) and 31 C.F.R. § 901.09(c), the Secretary is entitled to recover costs related to the processing and handling of delinquent debts, including attorneys' fees and expenses for pursuing this debt collection action.

WHEREFORE, the Secretary respectfully requests that the Court enter judgment against Defendant Joshua Herion d/b/a ECS Roofing Professionals, Inc., in the amount of $360,531. The Secretary further requests post-judgment interest as allowed by law, costs as allowed by law, and such other and further relief as this Court may deem just and proper.

August 23, 2023

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____
**ELISABETH NOLTE**
Senior Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
Telephone No.: 312/353-7837
Facsimile No.: 312/353-5698
E-mail Address: nolte.elisabeth.p@dol.gov

Attorneys for **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, Petitioner