UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>                      Plaintiff,<br>  v.<br><br>**JOSHUA HERION d/b/a ECS ROOFING PROFESSIONALS, INC.**,<br><br>                      Defendant. | Case No. 1:23-cv-05935<br><br>Honorable Elaine E. Bucklo |

## ACTING SECRETARY OF LABOR'S MOTION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), hereby moves for judgment by default against Defendant Joshua Herion doing business as ECS Roofing Professionals, Inc. ("Defendant") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). As set forth herein, default judgment against Defendant under FRCP 55(b)(1) is warranted because Defendant has failed to appear in this matter and the Acting Secretary is owed a sum certain of $365,576, plus post-judgment interest in a sum that is made certain by calculation.

1. **Factual Background**

This matter arises from civil money penalties assessed against Defendant by the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* (the "Act"). (Ex. A ¶¶ 2-4; Ex. A-1; Ex. A-2.) Following a lawful adjudication under the Act, those civil money penalties were affirmed by an Administrative Law Judge ("ALJ") for the Occupational Safety and Health Review Commission ("OSHRC"). (Ex. A ¶¶ 5-6; Ex. A-3.) The ALJ's assessment of those

penalties became a final order of OSHRC on April 27, 2023. (Ex. A ¶¶ 7-9; Ex. A-4.) Defendant has not paid any amount of the penalties assessed.

Consequently, on August 23, 2023, the Acting Secretary filed a Complaint against Defendant under § 17(l) of the Act, 29 U.S.C. § 666(l), which allows the Acting Secretary to file actions in federal district court to recover unpaid penalties assessed under the Act. (ECF No. 1.) Defendant was served with a summons and the Complaint on September 25, 2023, as reflected in the proof of service submitted to the Court. (ECF No. 8.)

Having received no answer or other responsive pleading from Defendant, on November 2, 2023, the Acting Secretary moved for entry of default against Defendant pursuant to FRCP 55(a). (ECF No. 9.) The Court granted the Acting Secretary's motion. (ECF No. 10.) On November 6, 2023, the Clerk of Court entered default against Defendant for failure to answer or otherwise plead. (ECF No. 11; Ex. B ¶ 6; Ex. B-1.)

The Acting Secretary has served defendant with all filings, court orders, and the entry of default by email and certified mail. (Ex. B ¶¶ 7, 9; Ex. B-2; Ex. B-3; Ex. B-4.)

**2. Application of Law**

The Acting Secretary is entitled to default judgment against Respondent pursuant to FRCP 55(b)(1), which provides for entry of default judgment by the Clerk of Court as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Additionally, pursuant to the Servicemembers Civil Relief Act, the plaintiff must file an affidavit stating whether the defendant is in active military service. 50 U.S.C. § 3931. Thus, for the Clerk of Court to enter judgment by default against Respondent,

2

three criteria must be met: (1) Defendant must have failed to appear; (2) Defendant must not be a minor or incompetent person, or in active military service; and (3) the Acting Secretary's claim must be for a sum certain or sum that can be made certain. Here, all three criteria are met.

First, Defendant has failed to appear in this proceeding. As reflected in the docket, Defendant has not filed an Answer or other responsive pleading as required by FRCP 12. Nor has Defendant moved to set aside the entry of default pursuant to FRCP 55(c). In fact, Defendant has not appeared in this matter or defended against the lawsuit in any way. *See Zuelke Tool & Eng. v. Anderson Die Castings*, 925 F.2d 226, 230 (7th Cir. 1991) (holding that a party is deemed to have appeared in an action under FRCP 55(b) "only where that party has actually made some presentation or submission to the district court in the pending action.").

Second, as reflected in the affidavit of OSHA Assistant Area Director Richard A. Lambert, submitted herewith, Defendant is not a minor or incompetent, and is not in active military service. (Ex. A ¶¶ 14-15.)

Third, and finally, the Acting Secretary's claim is for a "sum certain or a sum that can be made certain by computation" as contemplated by FRCP 55(b)(1). A claim is for a sum certain if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). As set forth in the Complaint, the Acting Secretary seeks to recover $360,531 in unpaid penalties assessed against Defendant in the OSHRC final order, as well as costs related to pursuing this debt and post-judgment interest. These amounts are fixed or easily ascertainable from the documents submitted herewith.

The principal debt of $360,531 is a fixed amount. Because these penalties were assessed in a final OSHRC order, they cannot be appealed or reviewed by a court. *See* 29 U.S.C. §§

659(c), 660(a), 661(j); 29 C.F.R. § 2200.90(f). Thus, the unpaid total penalty of $360,531 sought by the Acting Secretary is a sum certain.

Likewise, the costs incurred by the Secretary as of the date of this filing are certain. The affidavits submitted herewith establish that the Acting Secretary has incurred $20 in administrative processing costs and $5,025 in attorney's fees to date in pursuing this debt. (Ex. A ¶ 13; Ex. B ¶ 11.) The Acting Secretary is entitled to these amounts, totaling $5,045, by law. *See* 31 U.S.C. § 3717(e)(1) (providing that agencies shall assessed cost of processing and handling a delinquent debt); 31 C.F.R. § 901.9(c) (directing agencies to assess costs for handling delinquent debts based on actual or estimated costs incurred).

Any post-judgment interest accruing on the debt can be made certain by computation. Pursuant to 28 U.S.C. § 1961, post-judgment interest accrues at the then-prevailing statutory rate from the date of judgment until the judgment is satisfied. This is appropriate to award through default judgment under FRCP 55(b)(1). *See, e.g.*, *United States v. Kreszentia Snyder-Sawyer*, No. 1:22-cv-06706 (N.D. Ill. Feb. 28, 2023) (entering default judgment in debt collection action for amount certain plus post-judgment interest at the then-prevailing statutory rate from the date of judgment until the judgment is satisfied.) *Cf. United States v. Butcher*, No. 19-cv-00773, 2020 WL 13616765, at *2 (N.D. Ill. Sept. 8, 2020) (awarding default judgment where the government submitted an affidavit showing was entitled to an unpaid mortgage with ongoing interest because the total sum due with interest "can be made certain by computation.")

3. **Conclusion**

Accordingly, the Acting Secretary respectfully requests the Court issue an order directing the Clerk of Court to enter judgment by default against Defendant and in favor of the Acting Secretary in the amount of $365,576, composed of $360,531 in unpaid civil money penalties and

4

$5,045 in costs, with interest accruing from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961 until the judgment is satisfied.

January 16, 2024

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_/s/ Elisabeth Nolte_

**ELISABETH NOLTE**
Senior Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
Telephone No.: 312/353-7837
Facsimile No.: 312/353-5698
E-mail Address: nolte.elisabeth.p@dol.gov

Attorneys for **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, Plaintiff

## CERTIFICATE OF SERVICE

      I certify that a copy of the *Motion for Judgment by Default Against Defendant* and accompanying *Exhibit A – Affidavit of Richard A. Lambert, Exhibit B – Affidavit of Elisabeth Nolte,* and proposed *Order Granting Judgement by Default Against Defendant* were served by email and certified U.S. Mail on January 16, 2024, to the following party:

      Joshua Herion
      31439 North Liberty Road
      Grayslake, Illinois 60030
      josh@ecsroofing.com

      /s/ Elisabeth Nolte
      **ELISABETH NOLTE**
      Senior Trial Attorney

      United States Department of Labor,
      One of the Attorneys for Plaintiff